IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICARDO RENDON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 2:13cv717-WHA<br>(WO) |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 16) addressing petitioner Ricardo Rendon's 28 U.S.C. § 2255 motion. In its response, the government argues, inter alia, that Rendon is not entitled to collateral relief because his claims of ineffective assistance of counsel are without merit.[1]  *Id*. at 6-10.

---

[1] The government also argues that Rendon's § 2255 motion is untimely pursuant to the one-year limitation period in 28 U.S.C. § 2255(f). Doc. No. 16 at 4-5. The record indicates that on October 28, 2019, Rendon pled guilty to distribution of cocaine. *See* Case No. 2:09cr48-WHA, Doc. No. 104. On January 27, 2011, the district court sentenced Rendon to 135 months in prison. *Id*., Doc. Nos. 108 and 109. Rendon appealed, and on March 22, 2012, the Eleventh Circuit issued an opinion affirming his conviction and sentence. *Id*., Doc. Nos 111 and 117; *see United States v. Rendon*, 462 Fed. App'x 923 (11th Cir. 2012). It appears from the docket sheet for U.S. Supreme Court Case No. 12-5645 that Rendon filed an application for rehearing with the Eleventh Circuit, which was denied by that court on May 4, 2012. The Eleventh Circuit issued the mandate in the appeal on May 15, 2012. *Id*., Doc. No. 118. The docket sheet for U.S. Supreme Court Case No. 12-5645 reflects that Rendon filed a petition for a writ of certiorari in the Supreme Court on August 2, 2012. If these dates are correct, Rendon timely filed his cert petition within 90 days of the Eleventh Circuit's denial of rehearing. According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion. *See* Sup.Ct. R. 13(3). The Supreme Court denied Rendon's petition for certiorari review on October 1, 2012. *Rendon v. United States*, 133 S.Ct. 369 (Oct. 1, 2012) (No. 12-5645). Rendon's § 2255 motion was filed in this court on October 1, 2013. Therefore, it appears that his § 2255 motion was timely filed.

Accordingly, it is

ORDERED that on or before **January 27, 2014**, the petitioner may file a reply to the response filed by the government. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after January 27, 2014, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that the petitioner is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. The petitioner is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 7th day of January, 2014.

                                        /s/ Terry F. Moorer
                                 TERRY F. MOORER
                                 UNITED STATES MAGISTRATE JUDGE