IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICARDO RENDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv717-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is petitioner Ricardo Rendon's ("Rendon") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *Doc. No. 1*.[1] After considering the parties' submissions, the record, and the applicable law, the court finds that Rendon's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I.   BACKGROUND**

On October 28, 2010, in accordance with a plea agreement, Rendon entered a conditional guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). When pleading guilty, Rendon reserved the right to appeal the district court's ruling denying his motion to suppress the drug evidence seized during the search of

---

[1] References to document numbers are those assigned by the Clerk in the instant civil action (Civil Action No. 2:13cv717-WHA) or, where indicated, in the criminal case (Case No. 2:09cr48-WHA). Referenced documents from the criminal case are suppression hearings. All page references in this Recommendation are to those assigned by CM/ECF.

his tractor-trailer. The district court sentenced Rendon on January 27, 2011, to 135 months in prison.

Rendon appealed to the Eleventh Circuit, challenging the district court's denial of his motion to suppress. The appellate court summarized the evidence relevant to the suppression issue as follows:

> While driving his tractor-trailer on I–65 in Montgomery County, Alabama, Rendon was stopped by an Alabama state trooper, Henry Cox, for purposes of conducting a commercial vehicle inspection. Cox testified that generally he conducted two commercial truck inspections during his shift and that Rendon's was the second one of that particular day. As part of the inspection, Rendon provided Cox with his driver's license, vehicle registration, proof of liability insurance, and log book. He explained that he was transporting onions that had been loaded two days earlier, in Pharr, Texas. While Cox was preparing the inspection report, he asked Rendon several questions about the bill of lading for the load, the number of pallets in the load, its destination, his various stops in southern Texas, including those in Edinburg, Pharr, and Ganado, and other questions pertaining to the load and his journey transporting it.
>
> Cox then returned Rendon's driver's license and gave him a copy of the report indicating several violations. He then told Rendon that he was free to go, but said he had some additional questions and asked about the presence of illegal drugs in his tractor-trailer and sought Rendon's permission to search his trailer, which Rendon refused. Cox then told Rendon that although he had a right to say "no," if he refused, Cox would call in a drug sniffing canine and Rendon thereupon signed the search consent form.
>
> Cox nonetheless called Officer Charles Anderson to bring his canine partner, Luca, to conduct the canine sniff. Prior to Luca's arrival, another state trooper, Chris Faulk, arrived at the scene. Cox and Faulk walked around the trailer inspecting it from the outside and then also entered the trailer. During the cursory search of the interior nothing was found, but, while observing the exterior of the trailer, the officers noticed new bolts on the refrigeration unit which protruded outside of the trailer. When Anderson arrived, he too walked around the interior of the trailer and then led Luca around the outside of the

>trailer. When Luca reached the outside of the refrigeration unit, he alerted. Packages, which were eventually determined to be cocaine, were found in the refrigeration unit.

*United States v. Rendon*, 462 Fed. App'x 923, 924-25 (11th Cir. 2012).

Rendon argued that the officers lacked reasonable suspicion to detain him after the conclusion of his commercial vehicle inspection, and therefore, the officers' use of a drug detecting canine and non-consent warrantless search of his tractor-trailer violated his Fourth Amendment rights. *See id*. at 924. Alternatively, he argued that even if his continued detention was not unlawful, the district court erred in concluding that the use of the canine, which alerted officers to the cocaine in his tractor-trailer, was not tainted by the officers' prior unlawful search of his tractor-trailer. *Id*.

On March 22, 2012, by unpublished opinion, the Eleventh Circuit held that the district court properly denied Rendon's motion to suppress and affirmed Rendon's conviction and sentence. *Id*. at 927-28. In so holding, the appellate court found that the officers' continued detention of Rendon after the conclusion of the commercial vehicle inspection was lawful under the Fourth Amendment; that their interior search of the tractor-trailer was unlawful because (as the government conceded and the district court found), Rendon's consent was coerced and not voluntarily given; that because the continued detention of Rendon was lawful, the use of the canine to perform an exterior sniff for drugs during the stop was not tainted and the search for drugs in the location of the canine's alert was permissible; and that therefore it was not error to admit the seized evidence under either the "inevitable discovery" or "independent source" doctrine. *Id*.

Rendon filed a petition for writ of certiorari in the United States Supreme Court, which that court denied on October 1, 2012. *Rendon v. United States*, 133 S.Ct. 369 (2012).

Rendon filed this § 2255 motion on October 1, 2013, asserting interrelated claims that his trial counsel rendered ineffective assistance by failing to (i) properly investigate the circumstances of the stop of his vehicle; (ii) propound discovery that would have revealed the presence of an illegal GPS tracking device on his tractor-trailer; and (iii) properly cross-examine Alabama State Trooper Henry Cox at the suppression hearings. *Doc. No. 1* at 4-8.

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

5

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1. *Failure to Properly Investigate Circumstances of Vehicle Stop*

Rendon contends that his trial counsel was ineffective for failing to properly investigate the circumstances of the stop of his vehicle. *Doc. No. 1* at 4-5. According to Rendon, a "basic investigation" of the stop would have revealed that law enforcement agents had illegally attached a Global-Positioning-System ("GPS") tracking device to his tractor-trailer. *Id*. at 4. In *United States v. Jones*, ___ U.S. ___, 132 S.Ct. 945 (2012), the Supreme Court held that law enforcement's warrantless attachment of a GPS tracking device to a suspect's vehicle, and subsequent use of that device to monitor the vehicle's movements, violated the defendant's rights under the Fourth Amendment. 132 S.Ct. at 948-54.

Rendon's claim suffers from a crucial infirmity: no evidence exists – and Rendon has presented none – that a GPS tracking device was attached to his vehicle. Instead, the record indicates that Rendon's tractor-trailer was stopped by an Alabama state trooper, Henry Cox, for purposes of conducting a commercial vehicle inspection under Cox's duties pursuant to Ala. Code § 32-9A-3, which provides for the administrative inspection of commercial vehicles without the necessity of obtaining a warrant.[2] *See, e.g., Suppression Hearing - Doc.*

---

[2] Section 32-9A-3 provides, in relevant part:

(continued...)

6

*No. 42* at 12-14. Rendon's insistence that GPS tracking device was attached to his vehicle is a matter of pure speculation on his part.[3]

Because there is no evidence that a GPS tracking device was attached to Rendon's vehicle, Rendon is not entitled to relief on his claim that his counsel was ineffective for failing to conduct an investigation to uncover the presence of such a tracking device. Rendon has not shown that his counsel's representation fell below an objective standard of reasonableness, or that he was prejudiced by counsel's alleged unprofessional errors. *Strickland*, 466 U.S. at 689 & 694.

### 2. Failure to Propound Discovery That Would Have Revealed Presence of GPS Tracking Device

Rendon contends that his trial counsel was ineffective for failing to propound discovery that he says would have revealed the presence of a GPS tracking device on his vehicle. *Doc. No. 1* at 5-7. This claim fails because, as noted above, no evidence exists that

---

[2](...continued)
Any records required to be maintained by operators of commercial motor vehicles pursuant to state or federal laws or regulations shall be open to inspection during the normal business hours of a carrier by members designated by the director. The inspection may be made without a warrant. Members of the department designated by the director may also go on the property of an operator of a commercial motor vehicle to conduct inspections of facilities and records to ensure compliance with applicable state and federal laws and regulations governing commercial motor vehicle operations.

Ala. Code § 32-9A-3.

[3] In affidavits filed with this court, Rendon's former counsel aver that they investigated the circumstances of the traffic stop and uncovered no evidence indicating that law enforcement had attached a GPS tracking device to Rendon's vehicle. *Doc. 5* at 2; *Doc. No. 8* at 2-3; *Doc. No. 15* at 1-3.

a GPS tracking device was indeed attached to Rendon's vehicle.[4] Again, Rendon fails to show that his counsel's representation fell below an objective standard of reasonableness, or that he was prejudiced by counsel's alleged unprofessional errors. *Strickland*, 466 U.S. at 689 & 694.

### 3. *Failure to Properly Cross-examine Trooper Cox*

Finally, Rendon contends that his trial counsel rendered ineffective assistance by failing to properly cross-examine Alabama State Trooper Cox at the suppression hearings conducted in the case. *Doc. No. 1* at 7-8. Rendon maintains that his counsel failed to explore Cox's qualifications to conduct a Level II inspection of his vehicle; failed to develop evidence of Cox's "ongoing use of illegal substances"; and "failed to explore the obvious discrepancies in the dispatch log of the State Troopers, and the question of who, in fact, authorized the search by the K-9." *Id*. at 8. Rendon also suggests that had Cox been properly cross-examined, evidence of the alleged GPS tracking device would have been uncovered. *Id*.

Notwithstanding Rendon's allegations, his counsel thoroughly cross-examined Cox.

---

[4] In his § 2255 motion, Rendon alludes to "evidence of facsimile transmissions from Border Patrol Agents in Texas to State Troopers in Alabama, which appeared to show that Petitioner's vehicle was being tracked after it left Texas, and that the two agencies had been in communication." *Doc. No. 1* at 6. However, Rendon's vague suggestion here is wholly insufficient to indicate that a GPS tracking device was attached to his vehicle. Further, the documents Rendon submits in apparent support of this claim pertain to an occurrence that took place more than three months before Rendon's tractor-trailer was stopped in Alabama, where Rendon was stopped by border patrol agents in Texas while driving a pickup truck (not a tractor-trailer) in a trip unrelated to the one resulting in the commercial vehicle inspection stop of his tractor-trailer in Alabama. *See Doc. No. 18 (Ex. A)* at 11-16; *Doc. No. 5* at 2-3.

The record reflects that, at the suppression hearings, Cox's qualifications to conduct a Level II inspection were questioned and established; that it was clear from testimony at the hearings who made the decision authorizing the exterior sniff search by the canine; and that instances of Cox's alleged misconduct – which included using steroids without a valid prescription[5] – were dissected at length.  *See Suppression Hearing - Doc. No. 42* at 12-14, 39-40, 49-53; *Suppression Hearing - Doc. No. 84* at 4-12, 16, 20-31, 39-41.  Finally, as there is no evidence that a GPS tracking device was attached to Rendon's vehicle, there is simply no reason to believe cross-examination of Cox on this matter would have been fruitful.

The decision as to how and whether to cross-examine a witness is "a tactical one well within the discretion of a defense attorney."  *Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir. 1985).  Absent a showing that additional cross-examination of Cox was reasonably likely to affect the outcome of the suppression proceeding, Rendon is unable to show prejudice necessary to satisfy the second prong of *Strickland*, 466 U.S. at 687.  Neither, for that matter, does Rendon demonstrate that his counsel's cross-examination of Cox fell below an objective standard of reasonableness.  466 U.S. at 689.  Because Rendon shows neither deficient performance by counsel nor any resulting prejudice, he is entitled to no relief based on this claim of ineffective assistance of counsel.

### III.  CONCLUSION

---

[5] In upholding the ruling denying Rendon's motion to suppress, the Eleventh Circuit found, "the record contains no evidence of any connection between Cox's alleged misconduct and credibility issues and we see no reversible error in the magistrate's credibility determination."  *United States v. Rendon*, 462 Fed. App'x 923, 926 n.3 (11th Cir. 2012).

9

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before January 8, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 22nd day of December, 2015.


    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE